IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SUSANA VIEYTES JIMÉNEZ**<br><br>Plaintiff<br><br>V.<br><br>UNIVERSITY OF PUERTO RICO<br><br>Defendants | CIVIL NO.:<br><br>DISABILITY, DISCRIMINATION RETALIATION, DAMAGES |

# COMPLAINT

TO THE HONORABLE COURT:

COMES NOW plaintiff, Susana Vieytes Jiménez through the undersigned attorney, and very respectfully states and prays as follows:

## I. NATURE OF THE ACTION AND JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act and Americans with Disabilities Act Amendments Act (hereinafter "ADA" and "ADAA", respectively), Rehabilitation Act of 1973, as amended. 29 U.S.C. § 701, CL seq. ("RN'): Puerto Rico's Law No. 44 of July 2, 1999, as amended and Puerto Rico's Law No 115 of December 20, 1991, as amended, seeking compensatory, double and punitive damages, back pay, equitable and injunctive relief to seek redress for defendants' discrimination on the basis of disability and retaliation against Vieytes Jiménez.

1

2. This Honorable Court has jurisdiction to entertain this action pursuant to the Equal Opportunities for Individuals with Disabilities Act, 42 U.S.C. §§ 12101 et and under ADA, 23 U.S.C. §§ 1331 and 1343(a) (4). its supplemental jurisdiction is also invoked pursuant to 28 U.S.C. 1367(a) to hear the Commonwealth law claims because these are so related to the other claims as to which this court has original jurisdiction that they form part of the same case or controversy under Article ill of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (1) and (2), because the defendants reside in Puerto Rico and all the discriminatory employment practices alleged herein were committed within the judicial district comprising the Commonwealth of Puerto Rico.

4. On April 25th plaintiff Susana Vieytes Jiménez filed a timely charge of employment discrimination on the basis of disability and reasonable accommodation with the Equal Employment Opportunity Commission. On June 6th, 2017 a Right to Sue letter was issued by the United States Department of Justice, Civil Rights Division.

5. The instant Complaint is being filed within 90 days of Vieytes Jiménez receipt of the Right to Sue letter.

## II. PARTIES

6. Plaintiff is a citizen of the United States and a resident of Utuado, Puerto Rico.

7. On or around January 1980 Susana Vieytes Jiménez commenced working for the University of Puerto Rico.

8. She occupied the position of Associate University Professor of the University of Puerto Rico, Utuado Campus.

9. The University of Puerto Rico (hereinafter "UPR") is a political entity within the Commonwealth of Puerto Rico with the capacity to sue and be sued.

10. At all times relevant herein, "U.P.R" has been Vieytes Jiménez employer under the federal and local statutes under which she claims relief.

11. The U.P.R is an employer under Puerto Rico's Laws No.44 and Law 115.

12. Insurance Company A, B and C is an insurance company whose identity is unknown at this time which issued an insurance policy that insures the defendants from the claims alleged herein. The Puerto Rico statutes provide for a direct cause of action against the insurance company. Once the identity of this insurance company is revealed, plaintiff will move to amend and substitute the actual name with the one presented.

13. John and Jane Doe are other parties, whose identity are unknown at this time, who acting in common with the defendants, are jointly liable for the damages caused upon the Plaintiff. Once their identity is revealed through discovery, Plaintiff will move to substitute the names of the parties.

### III. THE FACTS

14. Vieytes Jiménez repeats and realleges each and every preceding allegation as if fully set forth herein.

15. Plaintiff Vieytes Jiménez had been diagnosed with Osteoarthritis, Bronquial Asthma, and degenerative Arthritis in the knees and Chronic Disc Degeneration in the Lumbosacral Region.

16. These conditions are listed as covered disabilities under the ADAAA and the Rehabilitation Act.

17. Susana Vieytes Jiménez performed her duties as Associate University Professor in the Utuado campus of the University of Puerto Rico.

18. Her immediate supervisor was Dr. Javier Alvarez and the Director of Human Resources was Miss Luz E. Martinez Rosado.

19. On or around July 2015 plaintiff requested reasonable accommodation, being her petition that because of her inability to climb stairs she be assigned a classroom in the 1st floor. This petition was granted.

20. On or around December 2015 defendants decided to use for other purposes the classroom that was assigned to plaintiff, and she was given instead a classroom on the 3rd floor.

21. Plaintiff approached the department director Dr. Vilmarí Lopez telling her that because of her clinical condition it was almost impossible for her to climb the stairs to a 3rd floor, that doing so was really painful and embarrassing and that it took her a long time to reach the 3rd floor.

22. Plaintiff told Dr. Lopez that she had been granted a reasonable accommodation that allowed her to give classes in the 1st floor. The response of Dr. Lopez was that this

accommodation was affecting other professors implying that the reasonable accommodation given to her was a privilege not given to other professors.

23. Dr. Lopez didn't respond to plaintiffs' claims, she limited herself to reiterate that plaintiff's classroom was in the 3rd floor.

24. Having to climb the stairs every day that she had to impart her cathedra she suffered great pain, anguish and humiliation.

25. Because of defendants refusal to give plaintiff a reasonable accommodation to the extreme that they refused to engage in interactive process as mandated by law and seeing that defendants refused to facilitate to a reasonable accommodation for her to comply with her duties and responsibilities as assistant professor of the University of Puerto Rico. On April 25th, 2016 plaintiff filed an EEOC complaint.

## IV. FIRST CAUSE OF ACTION
(Discrimination under the ADA and ADAA)

26. Vieytes Jiménez repeats and incorporates each and every preceding allegation as if fully set forth herein.

27. The University of Puerto Rico created a hostile work environment predicated on Susana Vieytes Jiménez disability and has refused to reasonably accommodate Vieytes Jiménez in violation of the ADAA.

28. As a result of the University of Puerto Rico's discriminatory practices. Susana Vieytes has suffered physical and emotional damages, for which it is fully liable.

29. SusanaVieytes Jiménez is entitled to compensation for each and every damage proximately caused by the University of Puerto Rico's unlawful conduct.

30. Susana Vieytes is entitled to injunctive relief for the University of Puerto Rico to cease and desist of any further discriminatory and retaliatory conduct against Vieytes.

## V. SECOND CAUSE OF ACTION
(Punitive Damages Under ADAA)

31. Vieytes repeats and incorporates each and every preceding allegation as if fully set forth herein.

32. The University of Puerto Rico's discriminatory practices against Vieytes were malicious and/or carried with reckless indifference towards Susana Vieytes rights protected under federal and state law.

33. Defendant's discriminatory conduct constitutes a wanton and reckless disregard and deliberate indifference to Susana Vieytes's rights and as a result thereof, University of Puerto Rico is liable to Vieytes for punitive damages.

## VI. THIRD CAUSE OF ACTION
REHABILITATION ACT

34. Susana Vieytes repeats and incorporates each and every preceding allegation as if fully set forth herein.

35. Susana Vieytes is an individual with a disability, pursuant to 29 U.S.C. § 705(20)(b)n and 42   U.S.C.A. § 12102(1)(C).

36. Defendants, who receive federal funds, discriminated against Plaintiff by failing to accommodate Plaintiff and/or for failure to engage in a good faith interactive process in

order to determine whether it could accommodate plaintiff. This, in violation of the Rehabilitation Act; 42 § 12112(b)(5)(A) (incorporated into the Rehabilitation Act by 29 U.S.C. § 791(g)).

37. As a direct and proximate result of this intentional violation of plaintiff's rights under the Rehabilitation Act by the Defendants, Plaintiff has suffered damages, and loss of enjoyment of life. Plaintiff claims no less than $250.000.00 dollars for the damages suffered on account of defendant's illegal and discriminatory conduct.

## VII. FOURTH CAUSE OF ACTION
(Disability Discrimination under Law No. 44)

38. Susana Vieytes Jimenez repeats and incorporates each and every allegation as if fully set herein.

39. The University of Puerto Rico's conduct constitutes a violation of Law No. 44.

40. Defendants are jointly liable to Susana Vieytes Jimenez for double the compensatory damages proximately caused to Vieytes Jimenez as a result of their discrimination on the basis of disability.

## VIII. FOURTH CAUSE OF ACTION
(Attorney's Fees and Prejudgment Interest)

41. Susana Vieytes Jimenez repeats and incorporates each and every preceding allegation as if fully set herein.

42. The University of Puerto Rico is liable to Susana Vieytes for attorney's fees under the ADAA, the Rehabilitation Act and under Law No. 44 and 115, and prejudgment interest pursuant to Rule 54 of the Federal Rules of Procedure.

## IX. TRIAL BY JURY

43. Susana Vieytes Jimenez demands that all causes of action be tried before a jury.

**WHEREFORE**, all premises considered, Susana Vieytes prays that judgment be entered in her favor and against defendants, including the following relief:

a. An order directing defendants to cease and desist of any further discriminatory and/or retaliatory conduct on the basis of disability against her;

b. Compensatory damages in an amount not less than $250,000.00;

c. Lost benefits, both past and future;

d. An award of punitive damages in no less than $300,000.00;

e. An award of double compensatory damages pursuant to P.R. Laws Nos. 44 and 115;

f. An award of reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements;

g. Prejudgment interests; and

h. Any other remedies which this Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In Aguadilla, Puerto Rico, this 31st day of August 2017.

*S/ Israel Roldán González*
**ISRAEL ROLDÁN GONZÁLEZ**
USDC-PR NO. 115602
49 Betances Street
Aguadilla, P.R. 00603
Phone: (787) 891-1359
Fax: (787) 882-5000
Email: irg@roldanlawpr.com

8